**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4523

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS KENODRICK WILSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:22-cr-00213-D-RJ-1)

Submitted:  May 22, 2025                              Decided:  May 27, 2025

Before KING, AGEE, and WYNN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant.   David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Kenodrick Wilson pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and possession with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced him to 120 months' imprisonment and five years of supervised release.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal.  Wilson filed a pro se supplemental brief, alleging that counsel was ineffective for abandoning claims at his motion to suppress hearing, he would not have pled guilty if not for counsel being ineffective, the district court abused its discretion by denying his motion to suppress, and the plea was involuntary.  The Government has moved to dismiss Wilson's appeal as barred by the appellate waiver in his plea agreement.  We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal

2

quotation marks omitted).  When a defendant contests the validity of a guilty plea for the first time on appeal, we review the challenge only for plain error.  *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Wilson's guilty plea is valid and Wilson knowingly and intelligently waived his right to appeal his conviction and sentence, excepting claims of ineffective assistance of counsel and prosecutorial misconduct not known at the time of the plea.  We therefore, conclude that the waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record, including the issues raised in Wilson's pro se supplemental brief, in this case and have found no potentially meritorious grounds for appeal outside the scope of Wilson's valid appellate waiver.  In his pro se brief, Wilson asserts ineffective assistance of trial counsel, which may fall outside the scope of his appeal waiver.  To the extent that the ineffective assistance claims fall outside the waiver, we hold that no ineffective assistance appears conclusively on the record, and decline to consider the issue on direct appeal.  *See United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc).

Accordingly, we grant the Government's motion to dismiss the appeal in part and dismiss the appeal as to all issues covered by the waiver.  We affirm the district court's judgment as to any issue not encompassed by the waiver.  We deny Wilson's motion and supplemental motions for judicial intervention and motion to expand the record.  This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Wilson requests that a petition be filed, but

3

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Wilson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*